UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. HECTOR DE LA SIERRA, Defendant. | Case No.: 25cr597 / 26cv2901-WQH **ORDER** |

HAYES, Judge:

The matter before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (ECF No. 46.)[1]

## I. Background

On May 29, 2025, Defendant Hector De La Sierra pled guilty pursuant to a Plea Agreement to the following counts of the Superseding Information: Count 3 – Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); Count 4 – Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); and Count 6 – Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1). (ECF No. 30.) In the Plea Agreement, the Government agreed—among other things—to dismiss the remaining charges without prejudice and agreed to recommend an adjustment for acceptance of responsibility pursuant to U.S.S.G.

[1] All references to Electronic Case Filing ("ECF") docket numbers in this Order correspond to Case Number 25cr597-WQH.

§ 3E1.1 and to recommend that Defendant be sentenced to one day of custody on Counts 3 and 4 and a consecutive 60 months of custody on Count 6, as mandated by 18 U.S.C. § 924(c). (*See* ECF No. 30 at 3, 11, 13.) In the Plea Agreement, which was signed by Defendant and his retained counsel, Defendant agreed—among other things—that he waived any right to appeal the conviction, except for a post-collateral attack based on a claim of ineffective assistance of counsel, and that otherwise appealing or collaterally attacking the sentence or conviction would constitute a material breach of the Plea Agreement. *See id.* at 14, 15. The Plea Agreement also states that Defendant "understands that the sentence is within the sole discretion of the sentencing judge," and "the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what Defendant's sentence will be." *Id.* at 10–11.

On November 3, 2025, the Court conducted a sentencing hearing. The Court questioned Government counsel about the recommendation in the Plea Agreement for one day of custody as to both drug counts. Government counsel confirmed that they "stand by the Plea Agreement," but acknowledged that "we understand that it is a bit unusual, especially looking at the criminal history here."[2] (ECF No. 50 at 29.) After hearing from counsel for both sides and Defendant, the Court calculated the advisory Guideline range to be 151 to 188 months in custody. *Id.* at 31. The Court declined to follow the parties' recommendation for a sentence of one day in custody for Counts 3 and 4 (the drug possession with intent to distribute counts), stating, in part:

> I just don't find that a one-day sentence on Count Three or Count Four is going to satisfy the 3553 factors. I don't think it promotes respect for the law. I think it would do the exact opposite of that.
>
> And the government has … the ultimate discretion … to decide how to charge a case…. They could have charged drug cases but they elected to charge 924(c). … They don't have to bring the 924(c), but they elected to. So I think to give one day, apparently concurrent, for two drug offenses, for someone in

---

[2] According to the Presentence Report, Defendant had eight criminal history points, placing him in a criminal history category IV, in addition to numerous older convictions which did not score.

> a Criminal History Category IV, with these facts, … does not promote respect for the law, at all.
>
> And so … at least my analysis is far different than the parties'. I understand from defense counsel that you are concerned with one number, and that's the final number: How much time does he do, how much time does he do in custody, not so much how it is split up by count…. But for me, certainly, the ultimate number is a very important number; but to get there, in my mind, it has to be in an appropriate way. And I am not going to give a day for possession of meth and possession of coke.
>
> But I do take into account that you had changed for a significant period of time and that your criminal record isn't -- when one really looks at it, it is not as aggravated recently as it had been, when one looks at the more recent offenses.
>
> I am going to impose a sentence of … 30 months on Count Three, 30 months on Count Four, with those sentences to be served concurrently but consecutively to the 924(c) count, which is Count Six.
>
> So it is 30 on Count Three, 30 on Count Four, those two to be served concurrently; but, by law, they are consecutive to the 60, so it is a total of 90….

*Id.* at 32–34.

On November 7, 2025, the Court entered Judgment consistent with the oral sentence, committing Defendant to the custody of the Bureau of Prisons for 30 months as to Count 3 and Count 4, to run concurrently, and 60 months as to Count 6 to run consecutively to Counts 3 and 4, following by a three year term of supervised release for each count, to run concurrently. (ECF No. 45.)

The docket reflects that there were no filings after the Judgment until May 6, 2026, when Defendant, now proceeding pro se, filed the pending § 2255 Motion. (ECF No. 46.)

In the § 2255 Motion, Defendant's sole argument is that his attorney did not file a direct appeal after sentencing, despite Defendant's instructions to do so, thereby providing ineffective assistance of counsel. *See id.* at 4. The sole relief requested in the § 2255 Motion

is that the Court "[v]acate and reenter judgment to allow [Defendant] an opportunity to appeal the same." *Id*. at 12.

On June 15, 2026, the Government filed a response to the § 2255 Motion. (ECF No. 51.) The Government "joins Defendant's request to vacate and reenter the judgment without a hearing," which "will reset the deadline for Defendant to file a notice of appeal." *Id*. at 2. The Government states:

> Given Defendant's appellate waiver, as agreed to in the plea agreement and confirmed at sentencing, the Government will move to dismiss the direct appeal if Defendant does decide to appeal. Notably, filing a direct appeal would breach the plea agreement, which has several potential consequences for Defendant. But, because the decision to appeal is the Defendant's alone—even when doing so is "contrary to the plea agreement and harmful" to the defendant—Defendant should be given the opportunity to make that choice.

*Id*. at 2–3 (quoting *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005)).

The docket reflects that Defendant did not file a reply to the Government's response, despite being given the opportunity to do so. (*See* ECF No. 47 at 1.)

## II. Discussion

Failure to file a notice of appeal when requested to do so carries a presumption of ineffectiveness and prejudice. *See Sandoval-Lopez*, 409 F.3d at 1197. "[I]t is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client." *Id.*; *see also id.* ("[E]ven though no one would think a doctor incompetent for refusing to perform unwise and dangerous surgery, the law is that 'a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.'" (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)).

"If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen." *Id*. at 1198. One option is that "[t]he district court can hold an evidentiary hearing to decide whether petitioner's allegation is

true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed." *Id*. "Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Id*.

In this case, the Government "joins Defendant's request to vacate and reenter the judgment without a hearing," which "will reset the deadline for Defendant to file a notice of appeal." (ECF No. 51 at 2.) Accordingly, this Court will "vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Sandoval-Lopez*, 409 F.3d at 1198.

## III. Conclusion

IT IS HEREBY ORDERED that Defendant's § 2255 Motion is granted as follows. (ECF No. 46.) The Judgment entered on November 7, 2025 (ECF No. 45) is hereby vacated. The Clerk of the Court will prepare a new judgment that is substantively identical to the prior judgment, which the Court will enter forthwith, thereby allowing Defendant to file a notice of appeal if he elects to do so. The Clerk of Court shall mail a copy of this Order and the new judgment to Defendant at the address listed in his § 2255 Motion (*see* ECF No. 46 at 19).

Dated: July 27, 2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court